UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALIK SKRIPNIKOV | CIVIL ACTION |
| VERSUS | No. 25-2400 |
| UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT | SECTION I |

### ORDER & REASONS

Plaintiff Alik Skripnikov ("plaintiff") filed a habeas corpus petition[1] pursuant to 28 U.S.C. § 2241, challenging the validity of his detention in Richwood Correctional Center on immigration charges. Before considering the merits of plaintiff's petition, "the Court must determine as a threshold matter whether it has proper jurisdiction to entertain [p]laintiff's habeas petition pursuant to 28 U.S.C. § 2241(a)." *Dada v. Witte*, No. 20-1093, 2020 WL 1674129, at *2 (E.D. La. Apr. 6, 2020). "[T]he only district that may consider a habeas corpus challenge to present physical confinement pursuant to § 2241 is the district court in which the prisoner is confined." *Id.* (quoting *United States v. McPhearson*, 451 F.App'x 384, 387 (5th Cir. 2011)); 28 U.S.C. § 2241(d) (". . . the application may be filed in the district court for the district wherein such person is in custody . . . .").

Richwood Correctional Center is located in Monroe, Louisiana.[2] Monroe,

---

[1] R. Doc. No. 1.
[2] *Richwood Correctional Center*, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (last updated Feb. 10, 2025), https://www.ice.gov/detain/detention-facilities/richwood-correctional-center.

Louisiana is located in the Western District of Louisiana.[3] Plaintiff is confined in the Western District of Louisiana, and this Court does not have jurisdiction to consider plaintiff's petition. *See id.* at *2–3; *Cesar David Cruz Corral v. Villegas*, 25-2992, 2025 WL 3124013 (N.D. Tex. Nov. 7, 2025).

Accordingly,

**IT IS ORDERED** that in the interest of justice the above-captioned matter is **TRANSFERRED** to the United States District Court for the Western District of Louisiana.[4]

New Orleans, Louisiana, December 2, 2025.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[3] WESTERN DISTRICT OF LOUISIANA, https://www.lawd.uscourts.gov/ (last visited Dec. 2, 2025).

[4] *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").