UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

ALIK SKRIPNIKOV

VS.

U.S. IMMIGRATION & CUSTOMS
ENFORCEMENT

CIVIL ACTION NO. 25-1931

SECTION P

JUDGE JERRY EDWARDS, JR.

MAG. JUDGE KAYLA D. MCCLUSKY

## REPORT AND RECOMMENDATION

Petitioner Alik Skripnikov,[1] a detainee at Richwood Correctional Center ("RCC") in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE") who proceeds pro se, petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241.[2]  For reasons that follow, the Court should deny this petition.

## Background

Petitioner, a citizen of Russia, "applied for admission to the United States from Mexico at the San Ysidro Port of Entry on December 13, 2021."  [doc. # 9, p. 7].  He "was found inadmissible into the United States pursuant to Section 212(a)(7)(A)(i)(I) of the INA, as amended."  *Id.*  On November 8, 2023, "Petitioner's Notice to Appear, along with Petitioner's application for asylum and for withholding of removal was filed with the immigration court."  *Id.*  "Petitioner was granted parole by ICE to pursue his immigration claims on the non-detained docket."  [doc. # 12, p. 5].  Respondents state that Petitioner "was reencountered on July 17,

---

[1] Petitioner's "A number" is 220835906.

[2] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

2025, by [ICE] officers and taken into custody." [doc. # 9, p. 7]. Petitioner states that he entered immigration custody on July 21, 2025. [doc. # 1, p. 5].

"On August 7, 2025, Petitioner, through counsel, filed for a custody redetermination before an immigration judge." [doc. # 9, p. 7]. "At the bond hearing on August 12, 2025, Petitioner, through counsel, moved to withdraw his bond request and the immigration judge granted the motion without prejudice." *Id.* "Petitioner did not file a subsequent custody redetermination request before the immigration judge." *Id.* On September 12, 2025, Petitioner, through counsel, filed a motion to continue his individual removal hearing. *Id.* at 7-8. "The immigration judge denied Petitioner's motion to continue, finding that Petitioner has been in removal proceedings since November 8, 2023; he was advised of his rights, which included the right to counsel and to produce evidence on August 5, 2024[.]" *Id.* at 8.

On September 24, 2025, an immigration judge denied Petitioner asylum and withholding of removal. [doc. #s 1, p. 3; 1-1, p. 20]. The same day, the immigration judge ordered Petitioner removed from the United States to Russia. [doc. #s 1, p. 5; 1-1, p. 22].

On October 10, 2025, Petitioner appealed to the Board of Immigration Appeals ("BIA"), challenging the order of removal and the order denying him political asylum. [doc. #s 1, p. 3; 1-1, p. 31]. His appeal remains pending. [doc. # 1, p. 5]. He is currently "detained under 8 U.S.C. § 1225(b)(2)[.]" [doc. # 9, p. 8].

Petitioner filed the instant proceeding on approximately November 25, 2025. [doc. # 1, p. 9]. He raises the following claims for relief: (1) ICE lacked probable cause or a warrant to detain him; (2) he was denied adequate time to prepare for a hearing; (3) the conditions at RCC are unconstitutional, and he has received inadequate medical care; and (4) he did not receive a

2

custody review ninety days after he was first detained. *Id.* at 2, 6-8. He seeks release from detention. *Id.* at 8.

Respondents oppose the petition. [doc. #s 9, 12].

<h3 style="text-align:center">Law and Analysis</h3>

### I. Petitioner's First Claim

Because it concerns the Court's power to decide the case, "[j]urisdiction is always first." *Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) (quoting *Arulnanthy v. Garland*, 17 F.4th 586, 592 (5th Cir. 2021)). "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). Several sections of the Immigration and Nationality Act curtail the jurisdiction of federal district courts in immigration cases. *See Jennings v. Rodriguez*, 583 U.S. 281, 292-96 (2018).

Petitioner first claims that ICE lacked probable cause or a warrant to detain him. However, 8 U.S.C. § 1252(g) (emphasis added), strips the Court of jurisdiction over this claim. Section 1252(g) provides: "Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien *arising from the decision or action by the Attorney General to commence proceedings*, adjudicate cases, or execute removal orders against any alien under this chapter." Petitioner's first claim arises from a decision to commence removal proceedings against him.[3] Accordingly, the Court should dismiss this claim.

---

[3] *See Sissoko v. Rocha*, 509 F.3d 947, 950 (9th Cir. 2007) ("[W]e hold that 8 U.S.C. § 1252(g)'s jurisdiction-stripping language covers the Sissokos' false arrest claim."); *Limpin v. United States*, 828 F. App'x 429 (9th Cir. 2020) (opining, where a petitioner alleged that he was wrongfully

3

## II. Petitioner's Second Claim

Petitioner argues that he was denied adequate time to prepare for his removal hearing. [doc. # 1, p. 7]. On September 5, 2025, his hearing was rescheduled from October 25, 2025, to September 24, 2025, which allegedly did not allow him enough time to adequately prepare. [doc. #s 1, p. 7; 1-1, p. 10]. His motion for a continuance was denied. *Id.* He suggests that he did not have time to re-acquire his confiscated evidence or to review documents his attorney sent to him. [doc. # 1, p. 7]. He argues further that the "hearing advancement did not allow [him] adequate time to prepare" a defense. [doc. # 1, p. 7].

Essentially, Petitioner argues that if he had adequate time to prepare for the hearing, the result of the hearing—his order of removal—could or would have been different. According to him, "Two or three weeks' notice was not a reasonable time to obtain evidence from Russia, which restricts its communications with the USA." [doc. # 1, p. 7].

The Court lacks jurisdiction over this claim. Section 1252(b)(9), provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

---

arrested and detained in connection with removal proceedings, that the "district court properly dismissed [the] action for lack of subject matter jurisdiction because claims stemming from the decision to arrest and detain an alien at the commencement of removal proceedings are not within any court's jurisdiction."); *Gupta v. McGahey*, 709 F.3d 1062 (11th Cir. 2013) (finding, where a petitioner argued that agents illegally created an arrest warrant, illegally arrested him, and illegally detained him, that Section 1252(g) barred the court from reaching the merits of the claims).

8 U.S.C. § 1252(b)(9).  Petitioner seeks judicial review of questions of law and fact arising from an action taken or proceeding brought to remove him from the United States—i.e., the denial of his motion for a continuance.  Plainly, by challenging the alleged lack of procedural due process in his removal hearing, he challenges his removal order.[4]  Such judicial review under Section 1252(b)(9), is available only with respect to a "final order."  Petitioner's removal order, however, is not final because his appeal before the BIA remains pending.  [doc. # 1, p. 5].  Under 8 C.F.R. § 1241.1(a), "An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final: (a) Upon dismissal of an appeal by the Board of Immigration Appeals[.]"

Section 1252(b)(9) is an "unmistakable 'zipper' clause" that channels review of all final orders of removal to the courts of appeal.  *Reno v. Am.-Arab Anti–Discrim. Comm.,* 525 U.S. 471, 483 (1999); *see Aguilar v. U.S. Immigration and Customs Enforcement Div. of Dept. of Homeland Sec.,* 510 F.3d 1, 9 (1st Cir.2007) (describing the "expanse" of § 1259(b)(9) as "breathtaking").  Section "1252(b)(9) demonstrates that Congress' intent was for courts of appeal to review final orders of removal at the conclusion of the administrative proceedings, not for district courts to insert themselves in the middle of the process."  *Qureshi v. Holder*, 2010 WL 5141877, at *6 (E.D. La. Dec. 10, 2010), *aff'd,* 663 F.3d 778 (5th Cir. 2011).

Further, under Section 1252(a)(5):

---

[4] *See Tewodros v. Garland*, 2021 WL 1534731, at *1 (W.D.N.Y. Apr. 19, 2021) (opining, where the petitioner claimed that the immigration judge denied his request for a continuance, that the petitioner challenged, directly or indirectly, his removal order and that the court lacked jurisdiction to review his claim); *Serna v. Gonzales*, 2006 WL 2949287, at *3 (D. Conn. Oct. 13, 2006) (opining, where the petitioner claimed that an immigration judge refused to continue his case, that the court lacked jurisdiction because the petitioner was attempting to "undo his final order of removal" and that he must "bring that claim before the appropriate court of appeals.").

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e). For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5).  In short, Petitioner's sole and exclusive recourse when his appeal to the BIA is no longer pending is to file a petition for review with an appropriate court of appeals.  *See generally Pluck v. D.H.S.*, 2018 WL 7253079, at *1 (N.D. Fla. Dec. 18, 2018), *report and recommendation adopted,* 2019 WL 487665 (N.D. Fla. Feb. 7, 2019) (explaining, where the petitioner had not "yet exhausted his immigration proceedings," that "any challenge to a removal order, once it is 'final,' must be brought in the court of appeals pursuant to 8 U.S.C. § 1252(a)(5), (b)(9).").[5]

---

[5] *See also Amiri v. Barr*, 2020 WL 3039258, at *1 (W.D. La. May 7, 2020), *report and recommendation adopted,* 2020 WL 3039132 (W.D. La. June 5, 2020), *aff'd sub nom. Amiri v. Garland*, 854 F. App'x 598 (5th Cir. 2021) (holding, where a petitioner claimed that he was denied due process in his removal proceedings and where his appeal was pending with the BIA, that under 8 U.S.C. § 1252(a)(5), the court lacked subject matter jurisdiction);  *Benitez-Gray v. Dep't of Homeland Sec.*, 2018 WL 11471480, at *2 (W.D. Tex. May 8, 2018); *Komolkhujaev v. Lasalle Ice Processing Ctr.*, 2025 WL 3853043, at *1 (W.D. La. Dec. 16, 2025), *report and recommendation adopted sub nom. Komolkhujaev v. Warden Lasalle I C E Processing Ctr.*, 2026 WL 30648 (W.D. La. Jan. 5, 2026).

The Court should dismiss this claim for lack of subject matter jurisdiction.[6, 7]

### III. Petitioner's Third Claim

Petitioner claims, "Improper conditions of detention such as inadequate medical care and sleep and food deprivation." [doc. # 1, p. 7].  Plainly, he challenges the conditions of his confinement and the quality of his medical care.

"Simply stated, habeas is not available to review questions unrelated to the cause of detention.  Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose.  While it is correctly alluded to as the Great Writ,

---

[6] Of note, Section 1252(g), does not deprive the Court of jurisdiction over this claim, as Respondents argue.  "Although it might be argued that the decision to grant or to deny a continuance is tantamount to a non-reviewable decision to 'adjudicate' a case, the Supreme Court's construction of this provision in *Reno v. American–Arab Anti–Discrimination Committee,* 525 U.S. 471, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999), makes clear that § 1252(g) does not encompass decisions relating to grants or denials of continuances." *Sanusi v. Gonzales*, 445 F.3d 193, 199 (2d Cir. 2006) (citing *Reno,* 525 U.S. at 482, 119 S.Ct. 936 (listing a decision "to reschedule [a] deportation hearing" among examples of actions not covered by § 1252(g)).

[7] Also of note, Section 1252(a)(2)(B)(ii), does not deprive the Court of jurisdiction over the claim that the immigration judge failed to grant a continuance.  It states in relevant part: "Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review-- . . . (ii) *any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security*, other than the granting of relief under section 1158(a) of this title."  8 U.S.C. § 1252(a)(2)(B)(ii) (emphasis added).  In *Onyinkwa v. Ashcroft,* 376 F.3d 797 (8th Cir.2004), for instance, the Eighth Circuit held that it lacked jurisdiction to review an immigration judge's denial of a continuance, reasoning that the "power to grant continuances is within the discretion of immigration judges[.]"  Under 8 C.F.R. § 1003.29, an immigration judge has discretion to grant a continuance "for good cause shown."  Section 1003.29, however, is a regulation and is not "authority" "under [the] subchapter" of the statute, Section 1252(a)(2)(B)(ii).  *Ahmed v. Gonzales*, 447 F.3d 433, 437 (5th Cir. 2006) (noting that in *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005), the Fifth Circuit rejected *Onyinkwa* and concluding that the court did have "jurisdiction to review the immigration judge's decision to deny Ahmed's motion for a continuance.").

it cannot be utilized as . . . a springboard to adjudicate matters foreign to the question of the legality of custody." *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976).

"Allegations that challenge the fact or duration of confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions." *Schipke v. Van Buren*, 239 F. App'x 85, 85–86 (5th Cir. 2007). "A § 2241 habeas petition is the proper procedural vehicle for challenging an action that 'directly implicates the duration of' a prisoner's confinement. *Davis v. Fechtel*, 150 F.3d 486, 487, 490 (5th Cir. 1998). It is not, however, the proper procedural vehicle for claims . . . regarding the conditions of confinement." *Boyle v. Wilson*, 814 F. App'x 881, 882 (5th Cir. 2020).[8]

In *Moore v. King*, No. 08-60164, 2009 WL 122555, at *1 (5th Cir. Jan. 20, 2009), for instance, the petitioner sought habeas relief, challenging the conditions of his confinement. The court affirmed the dismissal of his claim, citing *Pierre* for the rule that habeas is simply not available.

Likewise, challenges concerning medical care are not cognizable here. *See Mora v. Warden, Fed. Corr. Complex, Yazoo City Medium*, 480 F. App'x 779, 780 (5th Cir. 2012) (affirming dismissal of a 2241 petition as "not cognizable" because it related to the petitioner's "medical needs, and a determination in his favor would not result in his accelerated release"); *Figueroa v. Chapman*, 347 F. App'x 48, 50 (5th Cir. 2009) ("[T]he district court found it could not grant her relief pursuant to Section 2241 because her application was 'not in reference to the

---

[8] *See Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020) ("[A] habeas petition 'is the proper vehicle to seek release from custody,' while a civil rights suit pursuant to 42 U.S.C. § 1983 for a state prisoner or under *Bivens* for a federal prisoner is 'the proper vehicle to attack unconstitutional conditions of confinement and prison procedures.'") (quoting *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997)).

imposed sentence—but for medical needs.' We agree."); *McBarron v. Jeter*, 243 F. App'x 857, 857 (5th Cir. 2007); *Watson v. Briscoe*, 554 F.2d 650, 652 (5th Cir. 1977).

Petitioner's claims are unrelated to the cause of his detention. The Court should dismiss them.[9]

## IV. Petitioner's Fourth Claim

### A. *Zadvydas v. Davis*

Petitioner first argues that he is subject to "a prolonged and indefinite detention" because his removal is not reasonably foreseeable in the near future. [doc. # 1, p. 8].

In *Zadvydas v. Davis*, 533 U.S. 678 (2001) (emphasis added), the Supreme Court held that if an alien is detained for six months after a *final* order of removal, and if the alien petitioning for habeas corpus "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Petitioner's claim, however, is premature because his appeal before the BIA is pending and, thus, his order of removal is not final. *See Lopez Acosta v. Rosen*, 2021 WL 54772, at *1 (5th Cir. Jan. 6, 2021) ("Because Lopez Acosta is currently pursuing administrative remedies

---

[9] If Petitioner desires to pursue a civil rights action, he must file a separate proceeding, using the appropriate complaint form. Petitioner should be aware that to file a separate civil rights proceeding, he must either pay the required filing fee or submit a properly executed application to proceed in forma pauperis. Petitioner is advised that the cost of litigating a civil rights complaint under Section 1983 is significantly higher than the cost of litigating a habeas corpus petition. Petitioner should likewise be aware that he must exhaust all available administrative remedies before pursuing relief in this Court for his claims concerning his conditions of confinement and medical care.

below, he is no longer subject to a final order of removal . . . ."); *Castillo-Rodriguez v. I.N.S.*, 929 F.2d 181, 183 (5th Cir. 1991) ("The order of the immigration judge, then, is not final when a timely appeal is taken to the Board.").

Under 8 U.S.C. §1101(a)(47), an "order of deportation" becomes final upon the earlier of: "(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." Likewise, under 8 C.F.R. § 1241.1, "An order of removal made by the immigration judge . . . shall become final: (a) Upon dismissal of an appeal by the Board of Immigration Appeals . . . ." *See Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011).

The Court should dismiss this claim.

B. Administrative Procedure Act

Petitioner claims: "No required detention review under [the] Administrative Procedure Act took place." [doc. # 1, p. 8]. He argues, "a review of a detention for an individual detained for longer than 90 days needs to be conducted, but no such review took place." *Id.*

Petitioner's claim lacks merit. He is currently "detained under 8 U.S.C. § 1225(b)(2)[.]" [doc. # 9, p. 8]. In *Jennings v. Rodriguez*, 583 U.S. 281, 282 (2018), the Supreme Court explicitly held that Section 1225 does "not give detained aliens the right to periodic bond hearings during the course of their detention." Moreover, under 8 U.S.C. § 1225(b)(2)(A), "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall be detained* for a proceeding under section 1229a of this title." "Section 1225(b)(2) does not include any exception that permits the government to release detained aliens on bond." *Buenrostro-Mendez v. Bondi*, 2026 WL 323330, at *2 (5th Cir. Feb. 6, 2026). "The statute unambiguously provides for mandatory

10

detention." *Id.* "[N]either § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings." *Jennings*, 583 U.S. at 297.

Under the APA, courts may set aside unlawful, unconstitutional, or arbitrary and capricious agency actions. 5 U.S.C. § 706(2). As explained above, Petitioner is not entitled to periodic bond hearings, custody reviews, or, as he phrases them, reviews of his detention. Respondents are not acting unlawfully and are not, therefore, violating the APA by continuing to detain him. The Court should dismiss this claim.

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Petitioner Alik Skripnikov's first and second claims be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS FURTHER RECOMMENDED** that Petitioner's third claim concerning his conditions of confinement and medical care be **DISMISSED WITH PREJUDICE** here but **WITHOUT PREJUDICE** to his right to raise the claim in a separate civil rights action.

**IT IS FURTHER RECOMMENDED** that to the extent Petitioner seeks release under *Zadvydas*, his claim be **DISMISSED WITHOUT PREJUDICE** to his right to re-file the claim should his confinement become unconstitutional.

**IT IS FURTHER RECOMMENDED** that Petitioner's claim under the Administrative Procedure Act be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 25th day of February, 2026.

Kayla Dye McClusky
United States Magistrate Judge